TAKISHA WARREN, Administratrix of the Estate of Barbara Trapp, Plaintiff v. GUILFORD COUNTY; GUILFORD COUNTY AREA MENTAL ILLNESS, DEVELOPMENTAL DISABILITY AND SUBSTANCE ABUSE AUTHORITY; ANN KELK; THE MOSES H. CONE MEMORIAL HOSPITAL; THE MOSES H. CONE MEMORIAL HOSPITAL OPERATING CORPORATION, d/b/a MOSES CONE HEALTH SYSTEM; AND ELLIOTT LEE WENTZ, M.D., Defendants

No. COA97-1379

(Filed 16 June 1998)

**Pleadings § 11 (NCI4th)— action against mental health nurse—no reference to official or individual capacity—official capacity presumed—immunity**

The trial court correctly dismissed pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) an action against a Guilford County mental health case worker where neither the caption, the allegations, nor the prayer for relief contained any reference as to whether she was being sued in her official or individual capacity; in the absence of such clarity, it will be presumed that defendant is being sued in her official capacity and that she is immune.

Appeal by plaintiff from order filed 5 September 1997 by Judge Jerry Cash Martin in Guilford County Superior Court. Heard in the Court of Appeals 20 May 1998.

*Robert S. Hodgman and Associates, by Robert S. Hodgman, for plaintiff appellant.*

*Guilford County Attorney Jonathan V. Maxwell, by Deputy County Attorney J. Edwin Pons, for defendant appellee Ann Kelk.*

GREENE, Judge.

Takisha Warren (Plaintiff), administratrix of the estate of Barbara Trapp (Trapp), appeals from the granting of Ann Kelk's (Kelk) Rule 12(b)(6) motion to dismiss.[1]

On 11 April 1995, the Greensboro Police Department took Trapp, Plaintiff's decedent, to the emergency room at Moses Cone for treatment of a self-inflicted wound to her abdomen. She had complaints that reflected active paranoia and disorientation. At Moses Cone, she was treated by Dr. Wentz. Dr. Wentz released Trapp after calling Trapp's mental health case worker, Kelk, who is a registered nurse. The day after her release, Trapp contacted Kelk at Guilford Mental Health by telephone and was advised by Kelk to visit the Guilford Mental Health emergency room. The next day Trapp poured lighter fluid and Pinesol on herself and set herself on fire, resulting in burns which led to her death two weeks later.

The complaint filed in this case alleges that the defendants were each negligent in failing to provide adequate care to Trapp and seeks judgment against the defendants "jointly and severally" in an amount "in excess of $10,000."

As to Kelk, the caption to the complaint does not indicate whether Kelk was sued in her official or individual capacity. The complaint alleges that Kelk "at all times pertinent hereto, was an agent, employee, and representative of . . . Guilford County and [Guilford

---

1. We note that the trial court also dismissed the complaint as to Guilford County and Guilford County Area Mental Illness, Mental Retardation and Substance Abuse Authority (Guilford Mental Health) on the ground that the complaint failed to state a claim against them. Plaintiff did not appeal from those dismissals and we therefore do not address them. The claims against The Moses H. Cone Memorial Hospital (Moses Cone), The Moses H. Cone Memorial Hospital Operating Corporation, and Elliott Lee Wentz, M.D. (Dr. Wentz) were not the subject of motions to dismiss and thus are not before this Court.

Mental Health], and was a duly licensed registered nurse, holding a Masters of Nursing degree in her field"; that she "was an agent and employee of the Defendant Guilford Mental Health"; that she was "operating as counselor for [Trapp], and as an agent and employee of [Guilford Mental Health]"; and that she was a "health care provider within the meaning of Article 9A of Chapter 90 of the General Statutes, 'Nurse Practice Act.' " The complaint does not allege a waiver of governmental immunity.[2]

In granting Kelk's motion to dismiss, the trial court determined that Kelk had been sued in her official capacity as an agent of Guilford Mental Health. Because there was no allegation in the complaint that Guilford Mental Health's immunity had been waived, it followed, according to the trial court, that Guilford Mental Health and its agent, Kelk, were immune from suit.[3]

The issue presented is whether Kelk was sued in her official capacity as an agent of Guilford Mental Health or in her individual capacity.

In this case, because the complaint against Guilford Mental Health was dismissed on the grounds of immunity, *Millar v. Wilson*, 222 N.C. 340, 341, 23 S.E.2d 42, 44 (1942) (governmental agencies are entitled to the defense of governmental immunity), and because the complaint alleges that Kelk was an agent of Guilford Mental Health, it follows that *if* Kelk was sued in her official capacity, she is also immune, *see Whitaker v. Clark*, 109 N.C. App. 379, 381-82, 427 S.E.2d 142, 143-44 (governmental agents share immunity of the governmental agency if sued in official capacity), *disc. review denied and cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993). If sued in her individual capacity, Kelk is not immune from suit and the determination of her liability depends on whether she is a public official or public employee. *Meyer v. Walls*, 347 N.C. 97, 112, 489 S.E.2d 880, 888 (1997). A public official who is sued in his or her individual capacity is liable only for acts that are corrupt, malicious, or outside the scope of his

---

2. In order to overcome a defense of governmental immunity, the plaintiff must specifically allege a waiver of governmental immunity. *Clark v. Burke County*, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994).

3. We note that the trial court gave other reasons for allowing the motion to dismiss: (1) Trapp was not in Kelk's custody; and (2) the trial court had no jurisdiction over this claim, as it should have been filed in the North Carolina Industrial Commission. Because we affirm the trial court on official immunity grounds, we need not address the other bases given in support of the motion.

or her duties. A public employee sued in her individual capacity, however, can be liable for mere negligence. *Id.*

Our Supreme Court has recently held that a pleading should "clearly" state the "capacity in which [a defendant] [i]s being sued." *Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 724 (1998). This statement of "capacity" should be included in the caption, the allegations, and the prayer for relief. *Id.* at 554, 495 S.E.2d at 724-25. Such clarity, as noted by our Supreme Court, is a "simple matter for attorneys," will provide defendants with "an opportunity to prepare a proper defense," and avoids litigation that necessarily arises when the capacity is not clearly specified. *Id.* at 554, 495 S.E.2d at 724. In the absence of such clarity, it will be presumed that the defendant is being sued in her official capacity. *See id.* at 552, 495 S.E.2d at 723.

In this case, neither the caption, the allegations, nor the prayer for relief contains any reference as to whether Kelk is being sued in her official or individual capacity. Accordingly, we treat the complaint against Kelk as a suit against her in her official capacity; thus the trial court correctly dismissed the complaint pursuant to Rule 12(b)(6). *See Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987) (dismissal pursuant to Rule 12(b)(6) proper if pleadings are not sufficient to state a claim upon which relief may be granted).

Affirmed.

Judge MARTIN, Mark D. and TIMMONS-GOODSON concur.