ANGELA LINDER JOHNSON, PLAINTIFF v. MICHAEL W. YORK AND ROY KEITH ROGERS, DEFENDANTS

No. COA98-954

(Filed 20 July 1999)

**1. Appeal and Error— appealability—motion for summary judgment—governmental immunity**

An appeal from an order denying summary judgment was immediately appealable as affecting a substantial right where the motion for summary judgment was based on the defense of governmental or public official immunity.

**2. Governmental Immunity— capacity not stated in complaint—presumed official**

The trial court erred by denying summary judgment for defendants on the basis of governmental immunity where there was no statutory waiver, no waiver by the purchase of insurance, plaintiff did not state in the complaint that the suit was against defendants in their individual capacities, and the pleading contains numerous allegations which plainly indicate that defendants are being sued in their official capacities.

Appeal by defendants from order entered 21 April 1998 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 31 March 1999.

*Billy R. Craig for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General J. Philip Allen, for defendants-appellants.*

TIMMONS-GOODSON, Judge.

Michael W. York ("York") and Roy Keith Rogers ("Rogers") (collectively, "defendants") appeal from an order denying their motion for summary judgment as to the claims filed by Angela Linder Johnson ("plaintiff") for invasion of privacy and intentional infliction of emotional distress. Defendants contend that the trial court erroneously denied summary judgment, because plaintiff's claims are barred by the doctrines of governmental and public official immunity. Having carefully considered defendants' arguments, we reverse the order of the trial court and remand for further disposition.

The relevant factual and procedural background is as follows: At the time of the events about which plaintiff complains, defendant York was the Administrator of the South Piedmont Area of the North Carolina Department of Correction ("DOC"). Defendant Rogers was the Correctional Administrative Services Manager and reported directly to York. Plaintiff was an employee of the DOC, along with her former husband, Joel Threatt ("Threatt"), and her current husband, Mitchell Johnson ("Johnson").

On the morning of 25 April 1994, Threatt contacted York and told him that he had reason to believe that plaintiff, then his wife, was having an affair with Johnson, her supervisor. Threatt informed York that he planned to confront plaintiff with the information later that

evening, and he requested that someone from DOC be present at their home to witness the exchange. Based on his perception of Threatt's emotional state, York believed that the confrontation could be dangerous and that the situation could adversely affect DOC's operations. Thus, after consulting his supervisors, Boyd Bennett, Geographic Command Manager for the Piedmont Region; Joseph Hamilton, Deputy Director of Prisons; and Lynn Phillips, Director of Prisons, York authorized Rogers to go to the couple's house on behalf of DOC to ensure that Threatt and plaintiff did not endanger themselves or discredit DOC.

At approximately 6:45 that evening, Threatt telephoned Rogers and told him that plaintiff had arrived home. Rogers then drove to the couple's house, where Threatt met him at the door and escorted him into the den. Threatt also asked plaintiff into the den, and the three sat down to talk. Threatt accused plaintiff of having an affair and told her to leave the house or he would take out a warrant against her for adultery. Over the next couple of hours, Threatt and plaintiff engaged in an emotional and angry discussion. Several times, plaintiff asked if she could be left alone with Threatt, but Threatt made it clear to her and Rogers that he did not want Rogers to leave. Rogers took no sides in the argument but stated repeatedly that he was present only as a representative of DOC, to make sure that Threatt and plaintiff did not endanger themselves or discredit DOC. At approximately 9:15 p.m., plaintiff left the house with some of her belongings and spent the night with her parents.

The following morning, 26 April 1994, plaintiff met with York and Rogers in York's office. York informed plaintiff that she would be temporarily reassigned to another duty station pending an investigation into whether the situation involving her, Threatt, and Johnson was disrupting DOC operations. York also informed plaintiff that Threatt did not want her to return to the house to retrieve the rest of her belongings unless a DOC representative accompanied her. When plaintiff stated that she wanted to return to the house by herself, York directed Rogers to call Threatt and ask him if he would permit plaintiff to do so safely. Rogers called Threatt, who consented to let plaintiff in to remove her things, and Rogers conveyed Threatt's response to plaintiff.

Plaintiff brought an action against York, Rogers, and the DOC for invasion of privacy, malicious interference with contractual rights, defamation, and infliction of emotional distress. Following a motion

by defendants to dismiss the complaint, the trial court dismissed all causes of action against the DOC. In addition, the court dismissed all claims against defendants York and Rogers except invasion of privacy and intentional infliction of emotional distress. Defendants moved for summary judgment on the grounds of governmental immunity and public official immunity. The trial court denied the motion. In so ruling, the court concluded that plaintiff had sued defendants York and Rogers in their individual capacities and that there were genuine issues of fact as to whether they were acting outside the scope of their official authority or with malice. From the order denying summary judgment, defendants appeal.

[1] As a preliminary matter, we note that defendants' appeal is interlocutory. Ordinarily, an order denying summary judgment is not immediately appealable; however, where, as here, the motion for summary judgment was based on the defense of governmental or public official immunity, the order is immediately reviewable as affecting a substantial right. *Kephart v. Pendergraph*, 131 N.C. App. 559, 562, 507 S.E.2d 915, 918 (1998). Thus, we will examine the merits of defendants' appeal.

[2] Summary judgment is appropriate if the pleadings and other documentary evidence show that there is no triable issue of fact and that the moving party is entitled to judgment as a matter of law. *Id.* Upon a motion for summary judgment, it is the moving party's burden to show one of the following: "(1) an essential element of plaintiff's claim is nonexistent; (2) plaintiff cannot produce evidence to support an essential element of [her] claim; or (3) plaintiff cannot surmount an affirmative defense raised in bar of [her] claim." *Id.* Defendants, who are public officers of the State of North Carolina, contend that they have satisfied their burden under the third standard. It is defendants' position that summary judgment in their favor was appropriate because they are protected from tort liability under the doctrine of governmental immunity.

"Governmental immunity shields municipalities and the officers or employees thereof sued in their official capacities from suits based on torts committed while performing a governmental function." *Id.* at 563, 507 S.E.2d at 918. However, a plaintiff may maintain such a suit if the General Assembly has specifically provided for a cause of action against a governmental entity, its officers, or its employees, or if the entity itself consents to be sued by purchasing insurance. *Slade v. Vernon*, 110 N.C. App. 422, 426, 429 S.E.2d 744, 746 (1993). In the

instant case, we find no statutory waiver of governmental immunity, nor do we find that the governmental entity itself waived its immunity by the purchase of liability insurance.

At the hearing on defendants' motion for summary judgment, plaintiff argued that, because she sued defendants in their individual capacities, the doctrine of governmental immunity does not apply. Defendants, on the other hand, pointed out that nowhere in the caption or in the body of the complaint does plaintiff state that she maintains her suit against defendants in their individual capacities. Thus, it is presumed that plaintiff's action against defendants is in their official capacities.

In *Warren v. Guilford County*, 129 N.C. App. 836, 500 S.E.2d 470, *disc. review denied*, 349 N.C. 379, 516 S.E.2d 610 (1998), this Court visited the issue of whether a complaint that does not specify the capacity in which a defendant is being sued sufficiently states a claim against a public employee in his or her individual capacity. Relying on our Supreme Court's decision in *Mullis v. Sechrest*, 347 N.C. 548, 495 S.E.2d 721 (1998), we stated the following:

> [A] pleading should "clearly" state the "capacity in which [a defendant] [i]s being sued." This statement of "capacity" should be included in the caption, the allegations, and the prayer for relief. Such clarity, as noted by our Supreme Court, is a "simple matter for attorneys," will provide defendants with "an opportunity to prepare a proper defense," and avoids litigation that necessarily arises when the capacity is not clearly specified. In the absence of such clarity, it will be presumed that the defendant[s] [are] being sued in [their] official capaci[ties].

*Warren*, 129 N.C. App. at 839, 500 S.E.2d at 472 (quoting *Mullis*, 347 N.C. at 554, 495 S.E.2d at 724-25).

*Warren* controls the facts of the present case. In plaintiff's complaint, the caption, the allegations, and the prayer for relief contain no clear statement that defendants are being sued in their individual capacities. Conversely, the pleading contains numerous allegations which plainly indicate that plaintiff is suing defendants in their official capacities. For instance, under plaintiff's First Cause of Action, plaintiff alleges that Rogers "is a resident of Mecklenburg County" and that he "is employed by the State of North Carolina, Department of Corrections . . . in the capacity of Administrative Services

Manager." Similarly, plaintiff alleges that York "is a resident of Cabarrus County" and that he "is employed by the State of North Carolina, Department of Corrections . . . in the capacity of Area Administrator." Plaintiff further avers that "[a]t all times referred to [in the complaint] Plaintiff was and is an employee of Defendant, State of North Carolina, Department of Corrections, and the Defendant Rogers was her colleague; York was her Area Administrator." Plaintiff alleges that "Rogers evicted Plaintiff from her own home [on 25 April 1994] and did so, according to his statement[,] in his official capacity for the NCDOC." She also avers that "York, by his statements and by his demands on Plaintiff on April 26, 1994, ratified Rogers' intrusion on the night of April 25, 1994."

In view of these allegations and the absence of any clear indication that defendants are being sued in their individual capacities, we treat plaintiff's complaint as a suit against defendants solely in their official capacities. Hence, the trial court erred in denying their motion for summary judgment, as defendants are shielded from liability in tort under the doctrine of governmental immunity. *See Kephart*, 131 N.C. App. 559, 507 S.E.2d 915. Based on our holding, we need not address the remaining issue of whether defendants are entitled to assert the affirmative defense of public official immunity. Thus, we need not consider whether defendants acted maliciously or outside the scope of their duties.

For the foregoing reasons, the order of the trial court is reversed and this matter remanded for entry of summary judgment in favor of defendants.

Reversed and remanded.

Judges LEWIS and HORTON concur.