ANNIE MITCHELL REID, AND JAMES DONALD REID, Plaintiffs/Appellees v. TOWN OF MADISON, AND RICHARD KEITH TUCKER, Defendants/Appellants

No. COA99-489

(Filed 21 March 2000)

**1. Appeal and Error— appealability—interlocutory order—governmental immunity—substantial right**

Although the trial court's denial of defendants' motion for summary judgment is an interlocutory order, appeals raising issues of governmental or sovereign immunity affect a substantial right warranting immediate appellate review.

**2. Immunity— governmental—town—garbage collection—no allegation of waiver**

In an action seeking damages for personal injuries arising out of an accident involving plaintiffs' vehicle and one of defendant Town of Madison's garbage trucks, the trial court erred in failing to dismiss plaintiffs' claim against the town on the basis of governmental immunity because garbage collection is a governmental function and plaintiffs failed to allege the town's waiver of immunity through the purchase of insurance.

**3. Immunity— governmental—public employee—official capacity**

In an action seeking damages for personal injuries arising out of an accident involving plaintiffs' vehicle and one of defendant

Town of Madison's garbage trucks, the trial court erred in failing to grant defendants' motion for judgment on the pleadings as to defendant public employee driver of the garbage truck because in the absence of a clear statement indicating the capacity in which this defendant is being sued, a plaintiff is deemed to have sued the public employee in his official capacity, and therefore, this defendant is entitled to the same immunity as the Town of Madison.

Appeal by defendants from order entered 24 March 1999 by Judge James M. Webb in Rockingham County Superior Court. Heard in the Court of Appeals 21 February 2000.

*No brief filed by plaintiff-appellees.*

*McCall Doughton & Blancato, PLLC, by William A. Blancato, for defendant-appellants.*

EAGLES, Chief Judge.

This case presents the question of whether the Town of Madison and its employee are entitled to immunity from plaintiffs' suit for negligence.

Plaintiffs filed this action on or about 14 September 1998 seeking damages for personal injuries allegedly suffered by Annie Mitchell Reid in a motor vehicle accident and for the subsequent loss of consortium suffered by her husband, James Donald Reid. Plaintiffs alleged that Ms. Reid was driving her automobile on 7 September 1995 in Madison, North Carolina, when she saw one of the defendant Town of Madison's ("the Town") garbage trucks. Defendant Richard Keith Tucker, an employee of the Town, was driving the garbage truck. Ms. Reid alleged that the garbage truck started backing up toward her car. She contended that she steered her vehicle to the edge of the roadway and came to a stop, but the truck did not stop and crashed into her before she could take any further evasive action.

On 4 February 1999, defendants moved for judgment on the pleadings on the grounds that plaintiffs' claims were barred by governmental immunity. On 24 March 1999, the trial court denied defendants' motion. Defendants appeal.

[1] At the outset, we note that the order denying defendants' motion for judgment on the pleadings is an interlocutory order. However,

"while, as a general rule, such orders are not immediately appealable, this Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999) (citations omitted). Accordingly, defendants' appeal is properly before this Court.

Defendants' sole argument is that the trial court erred in denying their motion for judgment on the pleadings because they were protected by governmental immunity and plaintiffs did not allege a waiver of immunity through the purchase of insurance. *Mullins v. Friend*, 116 N.C. App. 676, 449 S.E.2d 227 (1994).

[2] We first consider the defendants' argument as to the Town of Madison. The allegations in plaintiffs' complaint are deemed admitted for the purpose of deciding the motion for judgment on the pleadings. *Cheape v. Town of Chapel Hill*, 320 N.C. 549, 556-57, 359 S.E.2d 792, 797 (1987). Under the doctrine of governmental immunity, a municipality is immune from suit for torts committed by officers or employees while performing a governmental function. *Mullins*, 116 N.C. App. at 680, 449 S.E.2d at 230. We note that garbage collection is a governmental function. *Schmidt v. Breeden*, 134 N.C. App. 248, 253, 517 S.E.2d 171, 175 (1999) (citing *Hare v. Butler*, 99 N.C. App. 693, 698, 394 S.E.2d 231, 235, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990)). However, a city can waive its immunity by purchasing liability insurance. *Mullins*, 116 N.C. App. at 680, 449 S.E.2d at 230. The city waives immunity only to the extent the insurance contract indemnifies it from liability for the alleged acts. *Id.* at 681, 449 S.E.2d at 230. "If a plaintiff does not allege a waiver of immunity by the purchase of insurance, the plaintiff has failed to state a claim against the governmental unit." *Id.* Here, plaintiffs have failed to allege the waiver of liability through the purchase of insurance. Accordingly, the trial court should have dismissed plaintiffs' claim against the Town of Madison on the basis of governmental immunity.

[3] Next, we consider plaintiffs' claim against defendant Richard Keith Tucker. All parties agree that defendant Tucker is a public employee rather than a public official. In order to determine whether Tucker is immune from suit, we must determine whether the complaint seeks recovery from Tucker in his official or individual capacity or both. *Isenhour v. Hutto*, 350 N.C. 601, 517 S.E.2d 121 (1999).

"A suit against a defendant in his individual capacity means that the plaintiff seeks recovery from the defendant directly; a suit

**REID v. TOWN OF MADISON**

[137 N.C. App. 168 (2000)]

against a defendant in his official capacity means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent." *Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997). The term "official capacity" is not synonymous with the term "official duties." *Id.* at 111, 489 S.E.2d at 888. Indeed, the performance of an employee's "duties" is irrelevant to the determination of whether a defendant is being sued in an official or individual capacity. *Isenhour*, 350 N.C. at 609, 517 S.E.2d at 126. In fact, it is questionable that an employee even has official duties, because official duties are reserved for public officers. The term "official capacity" is in actuality "a legal term of art with a narrow meaning—the suit is in effect one against the entity." *Meyer*, 347 N.C. at 111, 489 S.E.2d at 888 (citing Anita R. Brown-Graham & Jeffrey S. Koeze, *Immunity from Personal Liability under State Law for Public Officials and Employees: An Update*, Loc. Gov't L. Bull. 67 at 7 (Inst. Of Gov't Univ. Of N.C. at Chapel Hill) Apr. 1995). Accordingly, in a suit against a public employee in his official capacity, the law entitles the employee to the same protection as that of the entity. *Warren v. Guilford County*, 129 N.C. App. 836, 838, 500 S.E.2d 470, 472, *disc. review denied*, 349 N.C. 241, 516 S.E.2d 610 (1998). In contrast, a public employee sued in his individual capacity is liable for mere negligence. *Meyer*, 347 N.C. at 112, 489 S.E.2d at 888.

> The crucial question for determining whether a defendant is sued in an individual or official capacity is the nature of the relief sought, not the nature of the act or omission alleged. If the plaintiff seeks an injunction requiring the defendant to take an action involving the exercise of a governmental power, the defendant is named in an official capacity. If money damages are sought the court must ascertain whether the complaint indicates that the damages are sought from the government or from the pocket of the individual defendant. If the former, it is an official-capacity claim; if the latter, it is an individual-capacity claim; and if it is both, then the claims proceed in both capacities.

*Id.* at 110, 489 S.E.2d at 887. Our Supreme Court has expounded on this point by holding that "a pleading should clearly state the capacity in which the defendant is being sued." *Warren*, 129 N.C. App. at 839, 500 S.E.2d at 472 (citing *Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 724 (1998)). The plaintiffs should include this statement of "capacity" in the caption, the allegations, and the prayer for relief. *Mullis*, 347 N.C. at 554, 495 S.E.2d at 724-25. According to our Supreme Court, this statement will allow defendants to have an

opportunity to prepare for a proper defense and eliminate the unnecessary litigation that arises when parties fail to specify the capacity. *Id.* Our courts since *Mullis,* have held that in the absence of a clear statement of defendant's capacity a plaintiff is deemed to have sued a defendant in his official capacity. *Mullis,* 347 N.C. 548, 495 S.E.2d 721; *Warren,* 129 N.C. App. 836, 500 S.E.2d 470; *Johnson v. York,* 134 N.C. App. 332, 517 S.E.2d 670 (1999).

Here, neither the caption, allegations, nor the prayer for relief contain any suggestion as to whether the plaintiffs are suing the defendant in an official or individual capacity. *See Mullis,* 347 N.C. at 554, 495 S.E.2d at 725; *Warren,* 129 N.C. App. at 839, 500 S.E.2d at 472. Our precedent binds us to treat the complaint as a suit against the individual defendant in his official capacity. *Id.* As we noted previously, a suit in an official capacity is another way of "pleading an action against the governmental entity." *Mullis,* 347 N.C. at 554, 495 S.E.2d at 725. Since the Town of Madison was immune from this suit, Tucker is as well. Accordingly, the trial court should have granted defendants' motion for judgment on the pleadings as to Defendant Tucker. We note that if the plaintiffs had sued the employee individually, the result might have been different.

For the foregoing reasons we reverse the decision of the Superior Court and remand for action consistent with this opinion.

Reversed and remanded.

Judges WALKER and SMITH concur.