WALTER H. WHITE AND THERESA W. WHITE, PLAINTIFFS v. CHARLES ALAN CRISP, IN HIS INDIVIDUAL CAPACITY, DEFENDANT

No. COA99-889

(Filed 20 June 2000)

**1. Public Officers and Employees— action against Board of Education employee—official capacity only**

The trial court did not err by granting summary judgment for defendant in his individual capacity in an action arising from a motor vehicle accident involving a van owned by the Board of Education and driven by defendant within the scope of his employment where defendant filed a motion for summary judgment on the basis that the complaint sued defendant only in his official capacity and that he was immune; the trial court allowed an amendment but stated that the statute of limitations was not being addressed; summary judgment was granted for defendant in his official capacity; and claims against defendant in his individual capacity were dismissed as barred by the statute of limitations. The original complaint contains numerous allegations indicating that plaintiffs were suing defendant in his official

capacity and there was an absence of any clear indication that defendant was sued in his individual capacity.

## 2. Pleadings— amended complaint—new claim against defendant in individual capacity—new party—no relation back

An amended complaint did not relate back to the original and was barred by the statute of limitations where the original claim was against defendant in his official capacity and the amended complaint named defendant in his individual capacity. The amended complaint had the effect of adding a new party and therefore did not relate back.

Appeal by plaintiffs from judgment entered 10 May 1999 by Judge James E. Lanning in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 April 2000.

*Jeffrey G. Scott; and Poyner & Spruill, L.L.P., by E. Fitzgerald Parnell, III and Parmele P. Calame, for plaintiff-appellants.*

*Smith Helms Mulliss & Moore, L.L.P., by James G. Middlebrooks, for defendant-appellee.*

WALKER, Judge.

On 1 June 1998, Walter H. and Theresa W. White (plaintiffs) initiated this action against Charles Alan Crisp (Crisp) and the Charlotte Mecklenburg Board of Education (Board), alleging that Crisp was negligent in causing a motor vehicle accident on 8 June 1995 and that the Board was liable under the doctrine of *respondeat superior.* Defendants filed an answer on 3 August 1998 in which they alleged that "plaintiffs have sued Mr. Crisp only in his official capacity." On 8 January 1999, plaintiffs then filed a motion for leave to amend their complaint. On 12 January 1999, defendants filed a motion for summary judgment on the basis that the Board had not waived its governmental immunity and that Crisp, sued only in his official capacity, was also immune from suit.

In an order filed 15 February 1999, the trial court allowed an amendment to the complaint, but stated that "[t]his order does not address any future motion or question as to the statute of limitations." On 22 February 1999, the trial court granted summary judgment in favor of the Board and Crisp in his official capacity on the basis that immunity had not been waived. No appeal was taken from

that order. On 23 March 1999, Crisp filed a motion to dismiss the claims filed against him in his individual capacity as being barred by the statute of limitations. In its 10 May 1999 order, the trial court granted Crisp's motion to dismiss, after finding that the original complaint did not state a claim against Crisp in his individual capacity. Further, since the amended complaint did not relate back to the original complaint, the claims were barred by the three-year statute of limitations.

Plaintiffs assign as error the trial court's dismissal of their claims against Crisp in his individual capacity since: (1) the amended complaint relates back to the filing of the original complaint; and (2) the original complaint states a claim against Crisp in his individual capacity.

[1] We first address plaintiffs' contention that the original complaint states a claim against defendant Crisp in his individual capacity. Plaintiffs rely on *Williams v. Holsclaw*, 128 N.C. App. 205, 495 S.E.2d 166, *affirmed*, 349 N.C. 225, 504 S.E.2d 784 (1998), in which this Court found that the plaintiffs were seeking recovery from the defendant police officer in both his individual and official capacities although the caption was "silent" as to whether the officer was sued in his official or individual capacity. Defendant argues that *Williams* "provides no true guidance" and that *Mullis v. Sechrest*, 347 N.C. 548, 495 S.E.2d 721 (1998), filed 6 February 1998, subsequent to *Williams*, is controlling.

In *Mullis*, our Supreme Court held:

It is a simple matter for attorneys to clarify the capacity in which a defendant is being sued. Pleadings should indicate in the caption the capacity in which a plaintiff intends to hold a defendant liable. For example, including the words 'in his official capacity' or 'in his individual capacity' after a defendant's name obviously clarifies the defendant's status. In addition, the allegations as to the extent of liability claimed should provide further evidence of capacity. Finally, in the prayer for relief, plaintiffs should indicate whether they seek to recover damages from the defendant individually or as an agent of the governmental entity. These simple steps will allow future litigants to avoid problems such as the one presented to us by this appeal.

*Id.* at 554, 495 S.E.2d at 724-725. "Our courts since *Mullis*[] have held that in the absence of a clear statement of defendant's capacity[,] a

plaintiff is deemed to have sued a defendant in his official capacity." *Reid v. Town of Madison*, 137 N.C. App. 168, 172, 527 S.E.2d 87, 90 (filed 21 March 2000); *See Johnson v. York*, 134 N.C. App. 332, 517 S.E.2d 670 (1999); *Warren v. Guilford*, 129 N.C. App. 836, 500 S.E.2d 470, *disc. review denied*, 349 N.C. 379, 516 S.E.2d 610 (1998).

Plaintiffs argue that the case at bar is distinguishable from *Mullis* in that their original complaint indicates that they sought to recover "jointly and severally" from defendants. Defendant Crisp contends that this argument was rejected in *Warren*, where this Court found that "neither the caption, the allegations, nor the prayer for relief contains any reference" as to whether the defendant case worker was being sued in her official or individual capacity although the complaint sought judgment against the defendants "jointly and severally." *See Warren*, 129 N.C. App. 836, 500 S.E.2d 470.

Plaintiffs further contend that their case is distinguishable from *Mullis* since the original complaint sets forth separate causes of action against Crisp and the Board. However, we note that it was necessary for plaintiffs to allege defendant Crisp's negligence in the original complaint to establish a cause of action against the defendant Board since Crisp was acting as an agent of the Board in performing his duties. *See Mullis*, 347 N.C. at 553, 495 S.E.2d at 724. Additionally, the original complaint contains numerous allegations which indicate that plaintiffs are suing defendant Crisp in his official capacity. *See Johnson*, 134 N.C. App. 332, 517 S.E.2d 670. For instance, plaintiffs first allege that defendant Crisp "at all times relative to this complaint was an employee of defendant Charlotte Mecklenburg Board of Education, and was acting within the course and scope of his employment . . . ." Also, in the original complaint, plaintiffs allege:

10. That at the time of this accident, defendant Board of Education was the registered owner of the 1988 Chevrolet Van that was being operated by defendant Crisp.

11. That at the time of the accident, defendant Crisp[] was an employee of defendant Board of Education and was operating the 1988 Chevrolet Van with the express or implied consent of defendant Board of Education, or in the alternative, defendant Crisp was in lawful possession of said vehicle and was acting within the course and scope of his employment with defendant Board of Education.

12. That the negligence of defendant Crisp should be imputed to defendant Board of Education under *respondeat superior*.

In view of these allegations and the absence of any clear indication that defendant Crisp is being sued in his individual capacity, we treat plaintiffs' complaint as a suit against defendant Crisp solely in his official capacity.

**[2]** Plaintiffs lastly contend that the amended complaint relates back to the filing of the original complaint and thus is not barred by the three-year statute of limitations for personal injury actions. *See N.C. Gen. Stat. § 1-52 (1999).* N.C. Gen. Stat. § 1A-1, Rule 15 provides:

> (c) Relation back of amendments.—A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (1999). In *Crossman v. Moore*, 341 N.C. 185, 187, 459 S.E.2d 715, 717 (1995), our Supreme Court recognized that Rule 15(c) applies only to the relation back of claims and is "not authority for the relation back of a claim against a new party." In the case at bar, the trial court found that "alleging claims against Mr. Crisp in his individual capacity, is akin to alleging claims against a new defendant." Plaintiffs argue, however, that they did not add a new party by adding the language "in his individual and in his official capacity" to their amended complaint.

In *Rogerson v. Fitzpatrick*, 121 N.C. App. 728, 468 S.E.2d 447 (1996), the plaintiff motorist filed an initial complaint against three Durham police officers in their individual capacities and later amended his complaint to add a claim against the City of Durham and to name the officers as defendants in their official capacities. This Court held that the amended complaint may not relate back to the filing date of the original complaint because the plaintiff was seeking to add new defendants and Rule 15(c) only allows the addition of new claims. *Id.* Furthermore, in *Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997), our Supreme Court stated:

> A suit against a defendant in his individual capacity means that the plaintiff seeks recovery from the defendant directly; a suit against a defendant in his official capacity means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent.

Therefore, we conclude that the amended complaint, which named defendant Crisp in his individual capacity, had the effect of adding a new party and does not relate back to the filing of the original complaint.

In summary, we find that the trial court did not err in granting summary judgment in favor of defendant Crisp in his individual capacity.

Affirmed.

Judges LEWIS and MARTIN concur.