STEVE MULLIS AND BLAINE SCOTT MULLIS v. HARRY SECHREST AND CHARLOTTE-MECKLENBURG BOARD OF EDUCATION

No. 283A97

(Filed 6 February 1998)

1. **Public Officers and Employees § 68 (NCI4th); Schools § 176 (NCI4th)— negligence claim—school teacher—official capacity—governmental immunity**

An action against defendant high school teacher to recover damages for injuries received by an industrial arts student in an accident in a shop classroom was a suit against defendant teacher solely in his official capacity as an agent of defendant board of education where plaintiffs failed to specify whether they were suing defendant teacher in his individual or official capacity; the complaint alleged that defendant teacher was employed by defendant board of education as a teacher; plaintiffs set forth only one claim for relief in their complaint; and after defendants were allowed to amend their answer to allege that both defend-

MULLIS v. SECHREST

[347 N.C. 548 (1998)]

ants were entitled to governmental immunity because the board of education had not purchased a contract of insurance that covered exposure of $1 million or less, plaintiffs sought to amend their complaint only by adding an allegation that defendant board of education had waived immunity that might cover it and defendant teacher by the purchase of liability insurance and did not attempt to amend their complaint to specify whether they intended to sue defendant teacher in his individual or official capacity or both. Therefore, where it was determined that the board of education is entitled to governmental immunity from suit for the first $1 million in damages which may be awarded, defendant teacher, in his official capacity, is entitled to governmental immunity to that same extent.

2. **Public Officers and Employees § 68 (NCI4th)— suit against public officer or employee—allegations of capacity**

Pleadings should indicate in the caption the capacity in which a plaintiff intends to hold a public officer or employee liable by including words such as "in his official capacity" or "in his individual capacity" after a defendant's name. In addition, allegations as to the extent of liability claimed should provide further evidence of capacity, and the prayer for relief should indicate whether plaintiff seeks to recover damages from a defendant individually or as agent of the governmental entity.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 126 N.C. App. 91, 484 S.E.2d 423 (1997), affirming in part and vacating in part an order entered by Caviness, J., on 9 August 1995 in Superior Court, Mecklenburg County. On 23 July 1997, this Court allowed discretionary review of additional issues. Heard in the Supreme Court 15 December 1997.

*James, McElroy & Diehl, P.A., by Edward T. Hinson, Jr., John S. Arrowood, and Fred B. Monroe, for plaintiff-appellees.*

*Smith Helms Mulliss & Moore, L.L.P., by James G. Middlebrooks, for defendant-appellant Sechrest.*

ORR, Justice.

This is an action to recover damages for an injury sustained by plaintiff Blaine Mullis on 18 October 1990. At the time of the accident, Blaine was sixteen years old and a junior at Garinger High School. On

the day of the accident, Blaine's industrial arts or "shop" class was attending a student assembly. Blaine left the assembly without the permission of his instructor, defendant Sechrest, and returned to the shop classroom. Although the door was locked, another student, also working in the classroom unsupervised, let Blaine into the classroom. Blaine then began to construct a wooden "rabbit box" using a Rockwell tilting arbor saw, more commonly known as a table saw. Blaine failed to position the safety guard in place over the saw blade while operating the saw. Subsequently, while attempting to cut a board with the saw, the board bucked upwards, causing Blaine to sever the fingers and thumb on his left hand.

After the accident, medical personnel were able to reattach Blaine's fingers; however, his thumb was ultimately amputated. In July 1991, Blaine underwent a procedure at Duke University in which a toe was removed from his foot and attached to his left hand to serve as a substitute for his thumb. Despite this procedure, Blaine continues to suffer a permanent partial disability to his left hand as a result of this accident. Plaintiff Steve Mullis, Blaine's father, is also a party to this suit because he is responsible for Blaine's medical bills and expenses.

On 18 November 1992, plaintiffs filed this action against "Harry Sechrest and the Charlotte[-]Mecklenburg Board of Education." In their only claim for relief, plaintiffs allege that defendant Board "provided, permitted and directed the operation of a Rockwell tilting arbor saw . . . in its industrial arts class." Plaintiffs further allege that defendant Sechrest, a teacher employed by defendant Charlotte-Mecklenburg Board of Education, negligently failed to give adequate instructions regarding the proper use of the table saw and failed to adequately warn of the inherent dangers of its use. Plaintiffs also allege defendants provided an unsafe saw.

Defendants filed an answer on 25 January 1993, denying any negligence on the part of defendants; moving to dismiss the complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6); and asserting contributory negligence as a defense. On 29 April 1994, defendants filed a motion to amend their answer to allege that both defendants were entitled to governmental immunity because the Board had "not purchased liability insurance for claims of the kind and level asserted here." The trial court allowed this motion on 14 July 1994.

Subsequently, on 18 July 1995, defendants submitted a motion for judgment on the pleadings or, in the alternative, partial summary

judgment. Plaintiffs then filed a motion to amend their initial complaint on 28 July 1995. By this motion, plaintiffs sought to add an allegation that defendant Board had waived any immunity that might cover it and defendant Sechrest by purchasing liability insurance. After a hearing, the trial court entered an order allowing plaintiffs' motion to amend their complaint and denying defendants' motion for judgment on the pleadings. The order also granted partial summary judgment on the basis of governmental immunity for defendant Board for all claims determined to be $1,000,000 or less and granted summary judgment for defendant Sechrest on the ground that "he is a public officer immune from suit by the plaintiffs."

Plaintiffs then appealed to the Court of Appeals, which held (1) that the trial court did not abuse its discretion in allowing defendants to amend their answer to assert the defense of governmental immunity, (2) that the trial court did not err in determining that the Board was entitled to sovereign immunity for all claims of $1,000,000 or less, and (3) that the trial court erred in holding that defendant Sechrest was entitled to summary judgment "because he is a public officer immune from suit by the plaintiffs." Defendant Sechrest subsequently filed a notice of appeal to this Court based upon the dissent below and a petition for discretionary review of additional issues. On 23 July 1997, we allowed defendant Sechrest's petition for discretionary review of additional issues.

[1] Both the trial court and the Court of Appeals focused on the issue of whether defendant Sechrest was entitled to public-officer immunity. However, the threshold issue to be determined in this case is whether defendant Sechrest is being sued in his official capacity, individual capacity, or both. In his brief, defendant Sechrest contends that the Court of Appeals erred in determining that the plaintiffs brought suit against him in his individual capacity, rather than in his official capacity. Defendant Sechrest notes that if the plaintiffs sued him "in his official capacity, he is entitled to governmental immunity to the same extent as the Board." We agree with defendant Sechrest and, accordingly, reverse the Court of Appeals.

The initial complaint in this case was filed on 18 November 1992 and failed to specify in the caption whether plaintiffs were suing defendant Sechrest in his individual or official capacity. An amended complaint was also submitted and similarly failed to specify whether plaintiffs were suing defendant Sechrest in his individual or official capacity. In *Kentucky v. Graham*, 473 U.S. 159, 87 L. Ed. 2d 114

MULLIS v. SECHREST

[347 N.C. 548 (1998)]

(1985), the United States Supreme Court stated that where the complaint does not clearly specify whether the defendants are being sued in their individual or official capacities, "[t]he 'course of proceedings' . . . typically will indicate the nature of the liability sought to be imposed." *Id.* at 167 n.14, 87 L. Ed. 2d at 122 n.14 (quoting *Brandon v. Holt*, 469 U.S. 464, 469, 83 L. Ed. 2d 878, 884 (1985)).

This Court recently examined the distinction between official and individual capacity claims in *Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997), in which we stated:

> "The crucial question for determining whether a defendant is sued in an individual or official capacity is the nature of the relief sought, not the nature of the act or omission alleged. If the plaintiff seeks an injunction requiring the defendant to take an action involving the exercise of a governmental power, the defendant is named in an official capacity. If money damages are sought, the court must ascertain whether the complaint indicates that the damages are sought from the government or from the pocket of the individual defendant. If the former, it is an official-capacity claim; if the latter, it is an individual-capacity claim; and if it is both, then the claims proceed in both capacities."

*Id.* at 110, 489 S.E.2d at 887 (quoting Anita R. Brown-Graham & Jeffrey S. Koeze, *Immunity from Personal Liability under State Law for Public Officials and Employees: An Update*, Loc. Gov't L. Bull. 67, at 7 (Inst. Of Gov't, Univ. Of N.C. at Chapel Hill), Apr. 1995 [hereinafter "Law Bulletin"]). As Brown-Graham and Koeze further explained:

> It is true that it is often not clear in which capacity the plaintiff seeks to sue the defendant. In such cases it is appropriate for the court to either look to the allegations contained in the complaint to determine plaintiff's intentions or assume that the plaintiff meant to bring the action against the defendant in his or her official capacity.

Law Bulletin at 7; *see Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990) (court employs presumption against personal liability in the absence of clear expression that plaintiff intends to sue defendants in their individual capacities).

Based on *Meyer*, our analysis begins with answering the "crucial question" of what type of relief is sought. Here, plaintiffs are seeking to recover monetary damages for pain and suffering, future medical

expense, and permanent disability. As stated above, if money damages are sought, the court must ascertain whether the complaint indicates that the damages are sought from the governmental entity or from the pocket of the individual. Accordingly, it is appropriate to consider the course of the proceedings and allegations contained in the pleading to determine the capacity in which defendant is being sued.

In the present case, a review of the course of proceedings and the allegations contained in the complaint leads us to conclude that this suit was brought against defendant Sechrest solely in his official capacity. First, as noted above, plaintiffs failed to specify whether they were suing defendant Sechrest in his individual or official capacity. Additionally, in the section of the complaint identifying "Parties, Capacity, Jurisdiction and Venue," plaintiffs allege that defendant Sechrest is "an adult citizen and resident of Mecklenburg County, North Carolina, and is employed by the Charlotte[-]Mecklenburg Board of Education as a teacher." This allegation establishes that defendant Sechrest is an agent of defendant Board.

Further, plaintiffs set forth only one claim for relief in their complaint. In the beginning of their claim for relief, plaintiffs allege that "the Defendant Charlotte[-]Mecklenburg School System provided, permitted and directed the operation of a Rockwell tilting arbor saw, model #34-399 in its industrial arts class." Later in the complaint, plaintiffs specifically allege that defendant Sechrest negligently failed to give reasonable or adequate instructions or warnings concerning the dangers inherent in the use of the saw and provided a machine that was unsafe. However, we note that it was necessary to allege defendant Sechrest's negligence in the complaint because he was acting as an agent of defendant Board in performing his duties. *See Moore v. City of Creedmoor*, 345 N.C. 356, 481 S.E.2d 14 (1997). The fact that there is only one claim for relief is also indicative of plaintiffs' intention to sue defendant Sechrest in his official capacity, as an agent of defendant Board.

Finally, focusing on the course of proceedings in the present case, it is important to note that on 29 April 1994, defendants filed a motion to amend their answer to allege that both defendants were entitled to governmental immunity because the Board had not purchased a contract of insurance that covered exposures of $1,000,000 or less. This motion was allowed by the trial court on 14 July 1994. Subsequently, on 28 July 1995, plaintiffs filed a motion to amend their

MULLIS v. SECHREST

[347 N.C. 548 (1998)]

complaint. In their motion, plaintiffs state that "[b]y this Motion, Plaintiffs seek to amend their Complaint by adding an allegation that Defendant Charlotte[-]Mecklenburg Board of Education (the "School Board") has waived any immunity that might cover it and Defendant Harry Sechrest by purchasing liability insurance." Although the defense of immunity had been raised by defendants, plaintiffs did not attempt to amend their complaint to specify whether they intended to sue defendant Sechrest in his individual or official capacity, or both. In fact, by their reference to liability insurance, plaintiffs' intent appears to be to sue defendant Sechrest solely in his official capacity.

"[I]n 1972 this State abandoned Code pleadings in favor of notice pleadings." *Watkins v. Hellings*, 83 N.C. App. 430, 433, 350 S.E.2d 590, 592 (1986), *rev'd on other grounds*, 321 N.C. 78, 361 S.E.2d 568 (1987). This change allowed a more liberal approach to pleading, while still ensuring that the opposing party would have adequate notice of the issues in order to present a proper defense. As stated by this Court, "[u]nder the notice theory of pleading, a statement of a claim is adequate if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand its nature and basis and to file a responsive pleading." *Pyco Supply Co. v. American Centennial Ins. Co.*, 321 N.C. 435, 442, 364 S.E.2d 380, 384 (1988). Thus, in order for defendant Sechrest to have an opportunity to prepare a proper defense, the pleading should have clearly stated the capacity in which he was being sued.

[2] It is a simple matter for attorneys to clarify the capacity in which a defendant is being sued. Pleadings should indicate in the caption the capacity in which a plaintiff intends to hold a defendant liable. For example, including the words "in his official capacity" or "in his individual capacity" after a defendant's name obviously clarifies the defendant's status. In addition, the allegations as to the extent of liability claimed should provide further evidence of capacity. Finally, in the prayer for relief, plaintiffs should indicate whether they seek to recover damages from the defendant individually or as an agent of the governmental entity. These simple steps will allow future litigants to avoid problems such as the one presented to us by this appeal.

Taken as a whole, the amended complaint, along with the course of proceedings in the present case, indicate an intent by plaintiffs to sue defendant Sechrest in his official capacity. As we have previously noted, official-capacity suits are merely another way of pleading an action against the governmental entity. *Moore*, 345 N.C. at 367, 481

S.E.2d at 21. The immunity available to the Board of Education has already been determined and is not before us on appeal. In the opinion below, the Court of Appeals held that the Board of Education is entitled to governmental immunity from suit for the first $1,000,000 in damages which may be awarded. Similarly, defendant Sechrest, in his official capacity, is entitled to governmental immunity to that same extent.

Based on our holding above, it is not necessary for us to address the remaining issue which is whether defendant Sechrest is entitled to assert public-officer immunity.

REVERSED AND REMANDED.