Kathleen O'GRADY, Plaintiff,

v.

**BRITISH AIRWAYS, Defendant.**

No. CIV.A. 00–1049.

United States District Court,
E.D. Pennsylvania.

March 7, 2001.

Peter J. Staunton, Fine & Staud, Philadelphia, PA, for Plaintiff.

Peter G. Erdely, Joseph J. Hamill, Rawle & Henderson, Philadelphia, PA, Stephen J. Fearon, Jonathon E. Demay, Condon & Forsyth, LLP, New York City, for Defendant.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

The Plaintiff, Kathleen O'Grady ("Ms. O'Grady"), initially brought this personal injury action against the Defendant ("British Airways") in the Court of Common Pleas of Philadelphia County. (*See* Compl.) On February 28, 2000, British Airways had the action properly removed to federal court in accordance with the Convention for the Unification of Certain

Rules Relating to International Transportation by Air, October 12, 1929 ("Warsaw Convention").[1] (*See* Notice of Removal.) After a two day trial, the jury returned a verdict in favor of British Airways. Presently before this Court is Ms. O'Grady's Motion for a New Trial. For the reasons that follow, the Motion will be denied.

## I. BACKGROUND

A brief summary of the facts that are relevant to this Motion is necessary in order to understand this case. On April 15, 1999, Ms. O'Grady was a passenger on British Airways' World Traveler airplane, flight BA–066, traveling from Philadelphia International Airport, Pennsylvania, U.S.A., to Heathrow Airport, London, England. Ms. O'Grady was then scheduled to catch a connecting flight on British Airways, flight 8112, from Gatwick Airport in London to her final destination, Dublin, Ireland.

During the first flight, BA–066, Ms. O'Grady and a male passenger had a verbal and physical confrontation. Ms. O'Grady and the male passenger were seated next to each other, the male passenger seated on the aisle. The two exchanged heated words when Ms. O'Grady interrupted the male passenger's sleep in order to exit and re-enter her seat. Thereafter, Ms. O'Grady moved to the seat directly behind the male passenger. During this time, a physical confrontation between Ms. O'Grady and the male passenger ensued. The male passenger was struck with a newspaper by Ms. O'Grady and Ms. O'Grady was punched several times on the top of her head by the male

passenger. Following the incident, a flight attendant escorted Ms. O'Grady to a seat in the rear of the plane. Thereafter, Ms. O'Grady was ushered to the cockpit, where she met with the Captain and explained what had happened. Ms. O'Grady was then seated in first-class for the remainder of the flight to London.

Upon arrival at London's Heathrow Airport, Constables from the Metropolitan Police Department boarded the aircraft and requested that all witnesses to the incident remain on board in order to be interviewed. Ms. O'Grady was interviewed by Police Constable Mepham and she declined to press charges against the male passenger because she was concerned about catching her connecting flight and continuing on with her trip. Therefore, Ms. O'Grady proceeded to Gatwick Airport in order to travel on to Dublin, Ireland.

## II. STANDARD

 Under the Federal Rules of Civil Procedure, the trial court has "considerable discretion in determining whether to grant a new trial." *Goodwin v. Seven–Up Bottling Co. of Phila.*, No. 96–2301, 1998 WL 438488, at *3 (E.D.Pa. July 31, 1998)(citing *Klein v. Hollings*, 992 F.2d 1285, 1289–90 (3d Cir.1993)). When evaluating a motion for a new trial on the basis of trial error, the Court must first determine whether an error was made in the course of trial, and then must determine "whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice." *Farra v.*

---

**1.** *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air concluded at Warsaw, Poland, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), note following 49 U.S.C. section 40105 (1997). The Warsaw Convention is the treaty that "provides the exclusive remedy for

personal injuries suffered on international airplane flights." *Farra v. Am. Airlines, Inc.*, No. 00–67, 2000 WL 862830, at *2 (E.D.Pa. June 28, 2000)(citing *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 161, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999)).

*Stanley–Bostitch, Inc.*, 838 F.Supp. 1021, 1026 (E.D.Pa.1993), *aff'd*, 31 F.3d 1171 (3d Cir.1994). "Absent a showing of 'substantial' injustice or 'prejudicial' error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict." *Goodwin*, 1998 WL 438488, at *3 (citing *Videon Chevrolet, Inc. v. Gen. Motors Corp.*, No. 91–4202, 1994 WL 188931, at *2 (E.D.Pa. May 16, 1994), *aff'd*, 46 F.3d 1120 (3d Cir.1994)).

## III. DISCUSSION

Ms. O'Grady argues that a new trial should be granted because of errors in the Court's jury charge regarding the definition of an accident under the Warsaw Convention. (See Pl.'s Mot. for New Trial.) In addition, Ms. O'Grady also argues that the Court erroneously denied her Motion for Judgment as a Matter of Law.[2] (*Id.*) Specifically, Ms. O'Grady alleges that the Court erred in its jury instructions: (1) "by not instructing the jury that an 'accident' under the Warsaw Convention, includes as a matter of law, an assault committed upon a seated Plaintiff by a fellow airline passenger during an international flight;" (2) by "not instructing the jury that it could find an accident under the Warsaw Convention would include an assault committed by a fellow passenger;" and (3) by instructing the jury about the definition of accident under the Warsaw Convention because "the question of what constitutes an accident is a question of law and not one for the jury." (Pl.'s Mot. for New Trial, ¶¶ 1,3–4.)

According to Federal Rule of Civil Procedure 51, "[n]o party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." FED.R.CIV.P. 51. Therefore, "[i]n order to preserve objections to the jury charge for post-trial motions or appeal, parties are required to object before the jury retires to consider its verdict, 'stating distinctly the matter objected to and the grounds of the objection.'" *Phillips v. Tilley Fire Equip. Co.*, No. 97–0033, 1998 WL 808526, at *7 (E.D.Pa. Nov.23, 1998), *aff'd*, 203 F.3d 817 (3d Cir.1999). In the case where the objection was properly preserved, the Court will inquire into "whether the charge, 'taken as a whole, properly apprises the jury of the issues and the applicable law.'" *Id.* at *7 (quoting *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 275 (3d Cir.1998) (citation omitted)).

Ms. O'Grady's counsel failed to properly preserve any objections to the jury charge. Ms. O'Grady's counsel never objected to the Court's jury charge, even though the Court gave him ample opportunity to object throughout the court proceeding. (N.T. 12/19/00 at 110, 7–17.) In the case

---

**2.** The Court's charge to the jury regarding the definition of an accident under the Warsaw Convention is as follows:

> For the purpose of the Warsaw Convention an 'accident' is defined as an unexpected or unusual event or happening that is external to the passenger, the accident requirement of Article 17 of the Convention involves an inquiry into the nature of the event which caused the injury rather than the care taken by the airline to avert the injury. Not every act—not every incident or occurrence during a flight is an accident

> within the meaning of the Convention, even if the incident or occurrence gives rise to an injury. Instead an accident involves only those unexpected risks characteristic of air travel that may occur during flight that are external to a passenger.
>
> This definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries.... A risk characteristic of air travel is one that is to some extent unique to air travel or to which air travel is peculiarly susceptible.
> (N.T. 12/19/00 at 101–102.)

where "a party fails to preserve an assigned error for review, the standard for reversal is plain error." *Phillips,* 1998 WL 808526, at *7 (citing *Horowitz v. Federal Kemper Life Assurance Co.,* 946 F.Supp. 384, 391 (E.D.Pa.1996)). "Under this standard, the Court will only notice the error where it is 'fundamental and highly prejudicial or if the instructions are such that the jury is without adequate guidance on a fundamental question and ... failure to consider the error would result in a miscarriage of justice.' "[3] *Id.* at *7 (quoting *Fashauer v. New Jersey Rail Operations,* 57 F.3d 1269, 1289 (3d Cir.1995) (citations omitted)).

### A. Ms. O'Grady's Argument that the Court Erred by Not Instructing the Jury that the Definition of an Accident Under the Warsaw Convention, Includes as a Matter of Law, an Assault Committed upon a Seated Passenger by a Fellow Airline Passenger During an International Flight is Without Merit.

Since the Warsaw Convention does not define the term accident, the Court's jury instruction regarding the definition of an accident under the Warsaw Convention was based on the definition set forth by the United States Supreme Court ("Supreme Court") in *Air France v. Saks,* 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985). In *Saks,* the Supreme Court specifically addressed the meaning of accident under the Warsaw Convention.[4] *Id.* at 405, 105 S.Ct. 1338. Ms. O'Grady alleges that the Court was required to instruct the jury that the definition of "an accident under the Warsaw Convention includes, as a matter of law, an assault committed upon a seated Plaintiff by a fellow passenger during an international flight." (Pl.'s Mot. for New Trial, ¶ 1.) In her Motion for a New Trial, Ms. O'Grady bases this allegation upon the rulings in *Wallace v. Korean Air* and *Lahey v. Singapore Airlines, Ltd.,* 115 F.Supp.2d 464 (S.D.N.Y.2000); *Wallace,* 214 F.3d 293 (2d Cir.2000), *cert. denied,* — U.S. ——, 121 S.Ct. 1079, 148 L.Ed.2d 955 (2001) and *Lahey,* 115 F.Supp.2d 464 (S.D.N.Y.2000).

In *Wallace v. Korean Air,* a female passenger was sexually assaulted by a male passenger seated next to her during an international Korean Air flight. *Wallace,* 214 F.3d 293. The Court of Appeals for the Second Circuit ("Second Circuit") found that the sexual assault on the plaintiff constituted an accident under the Warsaw Convention. *Id.* at 299. The Second Circuit noted that the assault was a risk characteristic of air travel, stressing that the plaintiff "was cramped into a confined space beside two men she did not know, one of whom turned out to be a sexual predator," and that "the lights were turned down and the sexual predator was left unsupervised in the dark." *Id.* at 299.

In *Lahey v. Singapore Airlines, Ltd.,* a female passenger on board an international Singapore Airlines flight sustained physical injury due to an assault by a male passenger. *Lahey,* 115 F.Supp.2d 464.

---

**3.** Ms. O'Grady's Motion for a New Trial fails to state that the alleged errors by the Court were fundamental and highly prejudicial or that the allegedly erroneous jury instructions failed to provide adequate guidance to the jurors on a fundamental question. (*See* Pl.'s Mot. for New Trial.) Furthermore, nowhere in Ms. O'Grady's Motion for a New Trial is it alleged that failure to consider the error would result in a miscarriage of justice. (*Id.*)

**4.** The Supreme Court held that "liability under Article 17 of the Warsaw Convention arises only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger." *Saks,* 470 U.S. at 405, 105 S.Ct. 1338.

The United States District Court for the Southern District of New York found that the assault was an accident within the meaning of the Warsaw Convention. *Id.* at 467. Relying upon the Second Circuit's reasoning in *Wallace v. Korean Air,* the court noted that the plaintiff "was seated in the confined space of economy class, in front of a man she did not know, who turned out to be violently hostile to [plaintiff's] desire to recline her seat." *Id.* at 467; *Wallace,* 214 F.3d 293.

Although the courts in *Wallace v. Korean Air* and *Lahey v. Singapore Airlines, Ltd.* found that the passenger on passenger violence in those cases constituted an accident under the Warsaw Convention, those cases do not lend support to the proposition that this Court was required to instruct the jury that an accident under the Warsaw Convention includes, as a matter of law, an assault committed upon a seated plaintiff by a fellow airline passenger. *Wallace,* 214 F.3d 293; *Lahey,* 115 F.Supp.2d 464. In fact, in *Wallace v. Korean Air,* the Second Circuit explicitly stated that "we have no occasion to decide whether all co-passenger torts are necessarily accidents for the purposes of the Convention." *Wallace,* 214 F.3d at 299. The fact that neither court made the bold assertion that an assault committed upon a seated plaintiff by a fellow airline passenger was ipso facto an accident under the Warsaw Convention belies Ms. O'Grady's argument. In addition, the fact that the decisions of neither court are directly binding upon this Court further negates Ms. O'Grady's argument. As such, Ms. O'Grady's argument that the Court erred by not instructing the jury that the definition of accident includes, as a matter of law, an assault committed upon a seated plaintiff by a fellow passenger during an international flight is without merit.

**B. Ms. O'Grady's Argument that the Court Erred by Not Instructing the Jury that it Could Find an Accident Under the Warsaw Convention Would Include an Assault by a Fellow Passenger is Meritless.**

In the same vein as the discussion above, Ms. O'Grady's argument that the Court erred by failing to instruct the jury that "an accident under the Warsaw Convention would include an assault committed by a fellow airline passenger during an international flight" also lacks merit because the Court was not required to give such an instruction. (Pl.'s Mot. for New Trial, ¶ 3.) As explained earlier, Ms. O'Grady's premise that an accident under the Warsaw Convention includes, as a matter of law, an assault committed upon a seated Plaintiff by a fellow airline passenger is inaccurate. Therefore, the Court was not required to charge the jury that an accident under the Warsaw Convention would include an assault committed by a fellow airline passenger during an international flight. As such, Ms. O'Grady's argument that the Court erred by failing to give such an instruction is meritless.

**C. Ms. O'Grady's Argument that the Court Erred by Refusing to Grant Her Motion for Judgment as a Matter of Law with Regard to Liability is Without Merit.**

■ Ms. O'Grady's argument that the Court erred by "refusing to grant [her] Motion for Judgment as a Matter of Law with regard to liability, because the assault upon her by a fellow airline passenger constituted an 'accident' under Article 17 of the Warsaw Convention" is without merit. (Pl.'s Mot. for New Trial, ¶ 2.) Ms. O'Grady premises this argument on the basis that "the assault upon her by a fellow airline passenger constituted an 'ac-

cident' under Article 17 of the Warsaw Convention for which Defendant had 'virtual strict liability' since the assault constitutes a risk external to the Plaintiff and is characteristic of air travel." *Id.* Since the Court was not required to find that an accident under the Warsaw Convention includes, as a matter of law, an assault committed upon a seated plaintiff by a fellow airline passenger during an international flight, it was not required to grant Ms. O'Grady's Motion for Judgment as a matter of law. Therefore, the Court's denial of Ms. O'Grady's Motion for Judgment as a Matter of Law was not error and Ms. O'Grady's argument to the contrary is without merit.

**D. Ms. O'Grady's Argument that the Court Erred by Instructing the Jury About the Definition of an Accident Under the Warsaw Convention Because the Question of What Constitutes an Accident is a Question of Law and Not One For the Jury, and Because an Assault by a Fellow Passenger is an Accident and Risk Characteristic of Air Travel Under *Wallace v. Korean Air*, Supra., and *Lahey v. Singapore Airlines, Ltd., Supra.* is Meritless.**

Ms. O'Grady's last argument is that "the question of what constitutes an accident is a question of law and not one for the jury, and because an assault by a fellow passenger is an accident and risk characteristic of

air travel under *Wallace v. Korean Air, Supra*, and *Lahey v. Singapore Airlines, Ltd., Supra*." (Pl.'s Mot. for New Trial, ¶ 4.) In *Air France v. Saks*, the Supreme Court provided for the issue of whether an accident caused the plaintiff's injuries to be decided by the trier of fact. 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289. Specifically, the Supreme Court stated that "[i]n passengers' personal injury actions under the Warsaw Convention where there is contradictory evidence, it is for [the] trier of fact to decide whether an 'accident' caused the injury." *Id.* at 392, 105 S.Ct. 1338 (citing the Warsaw Convention, Art. 17, 49 U.S.C.A. section 1502 note).

In *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193 (3d Cir.1978), the Third Circuit examined the district court's charge to the jury concerning the definition of an accident under the Warsaw Convention.[5] Although the Third Circuit entertained serious doubt as to whether the plaintiff had provided enough evidence from which a jury could reasonably deduce that an "accident" did in fact occur within the purview of the Warsaw Convention, the Third Circuit upheld the district court's jury charge. *Id.* at 1197. Specifically, the Third Circuit upheld the court's jury charge ruling that the court's "definition of accident ... properly presented the jury with the correct legal standard for determining the occurrence of an accident." *Id.* at 1197.

Likewise, in the present case, the Court properly charged the jury with the issue of

---

**5.** Specifically, the Third Circuit examined the following district court jury charge based on relevant case law:

An accident is an event, a physical circumstance, which unexpectedly takes place not according to the usual course of things. If the event on board an airplane is an ordinary, expected, and usual occurrence, then

it cannot be termed an accident. To constitute an accident, the occurrence on board the aircraft must be unusual or unexpected, an unusual or unexpected happening.

580 F.2d at 1196 (citing *DeMarines v. KLM Royal Dutch Airlines*, 433 F.Supp. 1047, 1052 (E.D.Pa.1977)).

whether an accident under the Warsaw Convention caused Ms. O'Grady's injuries. In addition, the Court also properly charged the jury with the correct legal standard for the definition of an accident under the Warsaw Convention.[6] Similar to the district court's jury charge in *De-Marines*, this Court used relevant case law in formulating its charge to the jury on the issue of what constitutes an accident under the Warsaw Convention. *Id.* This use of both relevant and leading case law in forming the jury charge accurately presented the jury with the correct legal standard for determining the occurrence of an accident under the Warsaw Convention.

In order to bolster her argument, Ms. O'Grady relies upon the assertion that the issue of what constitutes an accident under the Warsaw Convention is a question of law "because an assault by a fellow passenger is an accident and risk characteristic of air travel under *Wallace v. Korean Air, Supra.*, and *Lahey v. Singapore Airlines, Ltd., Supra.*" (Pl.'s Mot. for a New Trial, ¶ 4.) Once again Ms. O'Grady incorrectly relies upon *Wallace v. Korean Air* and *Lahey v. Singapore Airlines, Ltd.* for the assertion that an assault by a passenger upon a fellow passenger is a per se accident and risk characteristic of air travel under the Warsaw Convention. For the reasons stated earlier, an assault by a passenger upon a fellow passenger is not, as a matter of law, an accident under the Warsaw Convention. *See supra*, sections III. A–D. As such, the Plaintiff's argument that the question of what constitutes an accident under the Warsaw Convention is a question of law is without merit.

## IV. CONCLUSION

Ms. O'Grady's Motion for a New Trial is denied and her allegations that the Court erred are without merit. Specifically, Ms. O'Grady's contention that the Court erred by failing to instruct "the jury that an 'accident' under the Warsaw Convention, includes as a matter of law, an assault committed upon a seated Plaintiff by a fellow airline passenger during an international flight" is without merit. (Pl.'s Mot. For New Trial, ¶ 1.) Similarly, Ms. O'Grady's argument that the Court erred by failing to instruct the jury that "an accident under the Warsaw Convention would include an assault committed by a fellow airline passenger during an international flight" is meritless. (Pl.'s Mot. For New Trial, ¶ 3.) Likewise, Ms. O'Grady's contention that the Court erred by refusing to grant her Motion for Judgment as a matter of law is erroneousness. Lastly, the Court did not commit error by allowing the question of what constitutes an accident go to the jury. Therefore, Ms. O'Grady's argument to the opposite is groundless. For the reasons stated above, Ms. O'Grady's Motion for a New Trial is denied.

---

**6.** It is important to note that at the conclusion of the trial, after the jury had rendered its verdict, this Court concurred in the jury's decision, stating that "I agree with your verdict, I think that it was an appropriate one."

(N.T. 12/19/00 at 116, 13–15.) Therefore, the decision whether an accident under the Warsaw Convention was the cause of Ms. O'Grady's injuries would have been the same if made solely by the Court or by the jury.