REBECCA S. WHITE, PLAINTIFF v. CURTIS COCHRAN, DEFENDANT

No. COA10-1191

(Filed 4 October 2011)

**1. Public Officers and Employees—retaliatory discharge against sheriff—right-to-sue letter—subject matter jurisdiction**

The trial court erred by dismissing plaintiff's Retaliatory Employment Discrimination Act claim for lack of subject matter jurisdiction where plaintiff's right-to-sue letter from the North Carolina Department of Labor identified only the Sheriff's Department and the County as respondents while the complaint referred to the Sheriff by name. The allegations in the right-to-sue letter suggest an official capacity suit; moreover, an action is deemed to be in an official capacity in the absence of a clear statement of defendant's capacity.

**2. Public Officers and Employees—common law wrongful discharge—right-to-sue letter—not pertinent**

The trial court erred by dismissing plaintiff's common law wrongful discharge claim against a sheriff based on an alleged insufficiency in the right-to-sue letter. That letter related only to a statutory claim for violation of the Retaliatory Employment Discrimination Act. The issues of sovereign immunity or joinder of the surety were not determined on this appeal.

Appeal by plaintiff from order entered 28 June 2010 by Judge Bradley B. Letts in Swain County Superior Court. Heard in the Court of Appeals 9 March 2011.

*The Moore Law Office, by George W. Moore, for plaintiff-appellant.*

*Melrose, Seago & Lay, PA, by Kimberly C. Lay, for defendant-appellee.*

GEER, Judge.

Plaintiff Rebecca S. White appeals from an order entering judgment on the pleadings and dismissing for lack of subject matter jurisdiction this action brought against defendant Curtis Cochran, the Sheriff of Swain County. Ms. White had alleged that the sheriff's termination of her employment violated the Retaliatory Employment Discrimination Act ("REDA") and amounted to a wrongful discharge in violation of public policy.

The sole basis argued in support of the trial court's dismissal of this action was Sheriff Cochran's contention that the North Carolina Department of Labor's notice of right to sue, naming the "Swain County Sheriff's Department" as the respondent, was insufficient to support Ms. White's suit against Sheriff Cochran. This contention, however, relates only to Ms. White's statutory claim for violation of REDA. We, therefore, hold that the trial court erred in dismissing, based on the right-to-sue letter, Ms. White's common law wrongful discharge claim.

With respect to the REDA claim, Ms. White has failed to indicate in her complaint whether she is suing Sheriff Cochran in his individual or in his official capacity. Based on our review of the complaint and the course of proceedings, we hold that Sheriff Cochran has been sued only in his official capacity. As a suit against a sheriff in his official capacity is synonymous with a suit against the sheriff's department, Ms. White did obtain the necessary right-to-sue letter. The trial court, therefore, also erred in dismissing Ms. White's statutory REDA claim.

## Facts

Ms. White filed her complaint on 9 October 2009 alleging the following facts. On 5 November 2008, Sheriff Cochran hired Ms. White as a detention officer at the Swain County Jail. On 24 January 2009, Ms. White slipped and fell at work on a floor that was being refinished. She immediately informed her supervisor that she had been injured from the fall, and an accident report was prepared by another employee of Sheriff Cochran. Ms. White was referred by her employer for medical treatment, and Sheriff Cochran was provided with copies of the medical records resulting from the treatment. Ms. White was disabled as a result of the fall until 25 February 2009.

Ms. White filed a claim with the North Carolina Industrial Commission and received benefits, including compensation and medical treatment. While Ms. White was out of work on temporary total disability, she received a letter dated 4 February 2009 that was titled "Continuation of Coverage Rights Under COBRA." Ms. White contacted her employer, but she was unable to obtain any information regarding why the letter was sent to her.

Ms. White returned to work on 25 February 2009. After working on 25 February, 26 February, 3 March, 4 March, and 6 March 2009, she was advised by another detention officer that she was not to return to work until she talked to the jail administrator, Jenny Hyatt, on 9 March 2009. Ms. White went to Ms. Hyatt's office on 9 March 2009 and

met with Ms. Hyatt and Martha Marr, another employee of Sheriff Cochran. At this meeting, Ms. Marr informed Ms. White, " 'Your services here are no longer needed.' "

Ms. White alleged that Sheriff Cochran "fabricated reasons for terminating [her] when the actual motive for such termination was to retaliate against [Ms. White] for participating in a worker's compensation claim." Ms. White alleged that Sheriff Cochran's actions violated REDA, N.C. Gen. Stat. § 95-241 (2009), and constituted a wrongful discharge in violation of the public policy set out in § 95-241(a)(1)(a).

Ms. White asserted that the Superior Court of Swain County had jurisdiction under REDA because Ms. White had filed the action within 90 days of the date upon which the Commissioner of Labor had issued a right-to-sue letter. Ms. White attached to her complaint a 26 August 2009 right-to-sue letter issued by the North Carolina Department of Labor to Ms. White. The letter listed two file numbers with one naming the "County of Swain" as the respondent and the second naming the "Swain County Sheriff's Department" as the respondent.

Sheriff Cochran filed an answer to Ms. White's complaint on 16 December 2009 alleging a single affirmative defense: "Defendant would have taken the action to terminate Plaintiff in the absence of her filing a workers compensation claim under Chapter 97 of the North Carolina General Statutes." On 6 January 2010, Sheriff Cochran filed an amended answer asking the court to award him reasonable costs and expenses, including attorneys' fees, under N.C. Gen. Stat. § 95-243(c) (2009).

On or about 28 April 2010, Sheriff Cochran filed a motion for judgment on the pleadings and motion to dismiss for lack of subject matter jurisdiction. Sheriff Cochran asserted (1) that "the undisputed facts appearing [in the pleadings] entitle Defendant to such judgment as a matter of law," and (2) that "Plaintiff's claims are upon claims arising under N.C. Gen. Stat. 95-243(a) and this Court lacks jurisdiction as it pertains to this Defendant and Plaintiff's actions therefore should be dismissed." Sheriff Cochran served a Notice of Hearing of this motion on 30 April 2010, scheduling the motion for the 17 May 2010 session.

The trial court heard Sheriff Cochran's motion on 17 May 2010 and entered an order on 28 June 2010 granting Sheriff Cochran judgment on the pleadings and "[a]lternatively and independently" dismissing Ms. White's action for lack of subject matter jurisdiction. The trial court further explained:

**WHITE v. COCHRAN**

[216 N.C. App. 125 (2011)]

It appeared to the Court upon the review of pleadings in this case and the arguments and authorities presented by counsel, that as a matter of law the allegations of the Plaintiff's Complaint and the attachments thereto, treated as true, are insufficient to state a claim upon which relief may be granted and therefore, the Defendant's Motion for Judgment on the Pleadings is granted. Further, as alternative and independent grounds, upon the review of pleadings and attachments thereto in this case and the arguments and authorities presented by counsel, the Court concludes that it has no jurisdiction over the subject matter of this case and Plaintiff's claims and therefore Defendant is entitled to a dismissal of Plaintiff's claims and action against him.

Ms. White timely appealed to this Court.

## Discussion

"As we have recognized, a complaint is subject to dismissal under Rule 12(b)(6) if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim. On the other hand, a motion for judgment on the pleadings pursuant to Rule 12(c) should only be granted when the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law." *Cash v. State Farm Mut. Auto. Ins. Co.*, 137 N.C. App. 192, 201-02, 528 S.E.2d 372, 378 (internal citations and quotation marks omitted), *aff'd per curiam*, 353 N.C. 257, 538 S.E.2d 569 (2000). We review decisions pursuant to Rule 12(b)(6) and 12(c) de novo.

Sheriff Cochran argued in the trial court and contends on appeal that Ms. White failed to state a claim for relief and that the trial court lacked subject matter jurisdiction because Ms. White sued Sheriff Cochran, while the Department of Labor's right-to-sue letter identified only the Sheriff's Department and the County as respondents. In making this argument, Sheriff Cochran has assumed that Ms. White's complaint only alleged a REDA claim. In fact, however, the complaint expressly asserted both (1) a statutory REDA claim under N.C. Gen. Stat. § 95-243(a) and (2) a claim for wrongful discharge in violation of public policy. We address each cause of action in turn.

## REDA

[1] N.C. Gen. Stat. § 95-241(a) provides that "[n]o person shall discriminate or take any retaliatory action against an employee because the employee in good faith does or threatens to . . . [f]ile a claim or

complaint, initiate any inquiry, investigation, inspection, proceeding or other action, or testify or provide information to any person with respect to . . . Chapter 97 of the General Statutes." In order to state a claim for relief under REDA, "a plaintiff must show (1) that he exercised his rights as listed under N.C. Gen. Stat. § 95-241(a), (2) that he suffered an adverse employment action, and (3) that the alleged retaliatory action was taken because the employee exercised his rights under N.C. Gen. Stat. § 95-241(a)." *Wiley v. United Parcel Serv., Inc.*, 164 N.C. App. 183, 186, 594 S.E.2d 809, 811 (2004).

Prior to filing suit, an employee must, within 180 days of an alleged violation, file a written complaint with the Commissioner of Labor alleging a violation of N.C. Gen. Stat. § 95-241. *See* N.C. Gen. Stat. § 95-242(a) (2009). "If the Commissioner determines after the investigation that there is not reasonable cause to believe that the allegation is true, the Commissioner shall dismiss the complaint, promptly notify the employee and the respondent, and issue a right-to-sue letter to the employee that will enable the employee to bring a civil action pursuant to G.S. 95-243." *Id.* Pursuant to N.C. Gen. Stat. § 95-243(a), "[a]n employee who has been issued a right-to-sue letter . . . may commence a civil action in the superior court of the county where the violation occurred, where the complainant resides, or where the respondent resides or has his principal place of business."

Sheriff Cochran does not dispute that Ms. White's complaint contains sufficient factual allegations to state a violation of REDA. He argues, however, that the right-to-sue letter identified the respondent as the "Swain County Sheriff's Department," while the complaint sued Curtis Cochran. Sheriff Cochran contends that the Sheriff's Department cannot be equated with Sheriff Cochran. His argument, however, overlooks the fact that a government official may be sued in his official capacity and/or in his individual capacity.

A suit against a sheriff in his official capacity is a suit against the Office of the Sheriff. *See Boyd v. Robeson Cnty.*, 169 N.C. App. 460, 466, 621 S.E.2d 1, 5 (2005) ("The official capacity claims [against the Sheriff and his employees] in this case are, therefore, actually claims against the office of the Sheriff of Robeson County."). Further, reference to the Sheriff's Department is simply another way of denoting the Office of the Sheriff. *See also Layman ex rel. Layman v. Alexander*, 343 F. Supp. 2d 483, 493 (W.D.N.C. 2004) ("A claim against [Sheriff and his employees] in their official capacities constitutes a claim against the entity for which they act as agents, here the . . . County Sheriff's Department."); *Gantt v. Whitaker*, 203 F. Supp. 2d

503, 508 (M.D.N.C. 2002) (holding that claims against sheriff and officer in their official capacities "actually constitute a suit against the entity of which those officials are agents—in this case, the Office of Sheriff of Davie County"), *aff'd per curiam*, 57 Fed. Appx. 141 (4th Cir. 2003).

However, as was true in *Mullis v. Sechrest*, 347 N.C. 548, 495 S.E.2d 721 (1998), the complaint, in this case, does not specify the capacity in which Curtis Cochran is being sued—in other words, whether Ms. White is suing him in his individual capacity, his official capacity, or both capacities. The Supreme Court stressed in *Mullis* that "[i]t is a simple matter for attorneys to clarify the capacity in which a defendant is being sued." *Id.* at 554, 495 S.E.2d at 724. A plaintiff should indicate that capacity in the caption, in the allegations, and in the prayer for relief. *Id.*, 495 S.E.2d at 724-25. "These simple steps will allow future litigants to avoid problems such as the one presented to us by this appeal." *Id.*, 495 S.E.2d at 725. Fourteen years after *Mullis*, we are still confronted with the same problems. In order to decide whether the trial court properly allowed the motion to dismiss, we must first determine in which capacity Curtis Cochran has been sued.

When, as here, the complaint does not specifically identify the defendant's capacity,

> "[t]he crucial question for determining whether a defendant is sued in an individual or official capacity is the nature of the relief sought, not the nature of the act or omission alleged. If the plaintiff seeks an injunction requiring the defendant to take an action involving the exercise of a governmental power, the defendant is named in an official capacity. If money damages are sought, the court must ascertain whether the complaint indicates that the damages are sought from the government or from the pocket of the individual defendant. If the former, it is an official-capacity claim; if the latter, it is an individual-capacity claim; and if it is both, then the claims proceed in both capacities."

*Id.* at 552, 495 S.E.2d at 723 (quoting *Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997)).

The complaint in this case seeks only money damages as relief. In order to determine whether those damages are sought from the governmental entity or from the pocket of the individual, "it is appropriate to consider the course of the proceedings and allegations contained in the pleading to determine the capacity in which defendant

is being sued." *Id.* at 553, 495 S.E.2d at 724. Our review of the allegations and the course of proceedings leads us to conclude that Sheriff Cochran was sued only in his official capacity.

We acknowledge that the caption, standing alone, would suggest that defendant was sued in his individual capacity since it refers to "Curtis Cochran" without mentioning the office of Sheriff. Never-the-less, the allegations identify the defendant solely as "the duly elected sheriff of Swain County, North Carolina" without referencing Sheriff Cochran's county of residence, as is customary when suing a defendant in his individual capacity. *See id.* (concluding that defendant was sued in official capacity in part because initial allegation identified defendant as being employed by Board of Education even though same allegation identified defendant as citizen and resident of Mecklenburg County). *Compare Schmidt v. Breeden*, 134 N.C. App. 248, 257, 517 S.E.2d 171, 177 (1999) (holding that defendants were sued in individual capacities in part because complaint alleged defendants were citizens and residents of Charlotte, Mecklenburg County and only subsequently "linked them to the Board [of Edu-cation] as agents").

In addition, the complaint repeatedly refers to Ms. White's "job assignment for the Defendant," "her employment for the Defendant," and other "employee[s] of the Defendant." All of these allegations suggest an official capacity suit since Ms. White was working for the Office of the Sheriff and not as a personal employee of Curtis Cochran.

Significantly, the complaint does not assert separate claims for relief that distinguish between the Sheriff as her employer and the Sheriff as an individual—both claims for relief allege a wrongful termination of her employment. *See Mullis*, 347 N.C. at 553, 495 S.E.2d at 724 (noting, in holding that plaintiff brought only official capacity claim, that plaintiff asserted only single claim for relief that Board was negligent based on negligent acts of individual defendant who was acting as Board's agent).

Even in the prayer for relief, Ms. White seeks "from the Defendant compensatory and punitive damages for wrongful discharge." She does not include any indication—such as by using the phrase "joint and several"—that she is seeking damages both from the Office of the Sheriff or Sheriff's Department and from Curtis Cochran individually. *Compare Schmidt*, 134 N.C. App. at 257, 517 S.E.2d at 177 (in concluding that relief was sought in defendants' individual capacities, pointing out that plaintiff sought relief jointly and severally).

In addition, Ms. White alleged that the superior court had jurisdiction over her action based on the right-to-sue letter attached to the complaint. As indicated above, that right-to-sue letter identified the respondent as the "Swain County Sheriff's Department." That letter, therefore, also suggests that this lawsuit involves only official capacity claims.

Finally, this Court has held that "in the absence of a clear statement of defendant's capacity a plaintiff is deemed to have sued a defendant in his official capacity." *Reid v. Town of Madison*, 137 N.C. App. 168, 172, 527 S.E.2d 87, 90 (2000). Here, as in *White v. Crisp*, 138 N.C. App. 516, 520, 530 S.E.2d 87, 89 (2000), "[i]n view of [the complaint's] allegations and the absence of any clear indication that defendant . . . is being sued in his individual capacity, we treat [plaintiff's] complaint as a suit against defendant . . . solely in his official capacity."

We have concluded that Ms. White has, in this action, brought a claim against Sheriff Cochran solely in his official capacity. Ms. White has attached to her complaint a right-to-sue letter allowing her to sue Sheriff Cochran in his official capacity. Consequently, the superior court had jurisdiction over Ms. White's claim under REDA. Because Sheriff Cochran has not argued that any other basis existed for dismissing Ms. White's REDA claim, we reverse the dismissal of that claim.

## Wrongful Discharge

[2] Ms. White also argues that her complaint asserts a separate claim for wrongful discharge in violation of public policy. Our Supreme Court recognized an exception to the employment at will doctrine in *Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989) (quoting *Sides v. Duke Univ.*, 74 N.C. App. 331, 342, 328 S.E.2d 818, 826 (1985)):

> "[W]hile there may be a right to terminate a contract at will for no reason, or for an arbitrary or irrational reason, there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy. A different interpretation would encourage and sanction lawlessness, which law by its very nature is designed to discourage and prevent."

Following *Coman*, the Supreme Court, in *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 353, 416 S.E.2d 166, 169 (1992), clarified that "at the very least public policy is violated when an employee is fired in contravention of express policy declarations contained in the North Carolina General Statutes."

Although Sheriff Cochran makes no argument regarding Ms. White's wrongful discharge claim, a review of the complaint indicates that it alleges both a violation of REDA and a common law claim for wrongful discharge in violation of public policy. The complaint specifically asserts that Ms. White "was discharged from her employment with the Defendant in violation of the state public policy set out in N.C.G.S. § 95-241(a)(1)a." The complaint then states that "[a]s a direct and proximate result of the Defendant's violation of state statutory law and the wrongful discharge of the Plaintiff, the Plaintiff has incurred substantial damages including lost wages, lost benefits, and other economic losses that were proximately caused by the retaliatory action of the Defendant." The complaint further confirms the intent to assert two separate causes of action by seeking both punitive damages and treble damages pursuant to N.C. Gen. Stat. § 95-243 for willful violation of N.C. Gen. Stat. § 95-241.

Our courts have previously held that a plaintiff may pursue both a statutory claim under REDA and a common law wrongful discharge claim based on a violation of REDA. As this Court explained in *Whitings v. Wolfson Casing Corp.*, 173 N.C. App. 218, 222, 618 S.E.2d 750, 753 (2005), "[b]oth the Workers' Compensation Act and the Retaliatory Employment Discrimination Act (REDA) are sources of policy establishing an employee's legally protected right of pursuing a workers' compensation claim. An action pursuant to REDA is a supplemental remedy to the common law claim of wrongful discharge." *See also Tarrant v. Freeway Foods of Greensboro, Inc.*, 163 N.C. App. 504, 509, 593 S.E.2d 808, 812 (2004) ("In this case, plaintiff has alleged sufficient facts to survive a motion to dismiss on the claim of wrongful discharge in violation of public policy. Plaintiff claims that she was fired because she asserted her rights under the Workers' Compensation Act."); *Brackett v. SGL Carbon Corp.*, 158 N.C. App. 252, 260, 580 S.E.2d 757, 762 (2003) ("[A] plaintiff may state a claim for wrongful discharge in violation of public policy where he or she alleges the dismissal resulted from an assertion of rights under the Workers' Compensation Act.").

Ms. White has argued that "a sheriff can be sued in his individual capacity for wrongful discharge of an employee in violation of public policy," citing *Phillips v. Gray*, 163 N.C. App. 52, 592 S.E.2d 229 (2004). We have, however, concluded that the complaint only sues Sheriff Cochran in his official capacity. Nonetheless, a wrongful discharge claim may be asserted against a sheriff in his official capacity subject to the defense of sovereign immunity. *See Efird v. Riley*, 342

F. Supp. 2d 413, 426 (M.D.N.C. 2004) (holding that plaintiff could assert official capacity claim against sheriff for wrongful discharge if sovereign immunity was waived, although ultimately concluding that allegations of complaint did not allege any violation of state public policy); *Hill v. Medford*, 158 N.C. App. 618, 627, 582 S.E.2d 325, 331 (Martin, J., dissenting), (holding that at will employee of Sheriff did not have claim for breach of contract but did have wrongful discharge claim against Sheriff in his official capacity, although governmental immunity would limit potential recovery), *rev'd per curiam for reasons stated in the dissent*, 357 N.C. 650, 588 S.E.2d 467 (2003).

The issue of sovereign immunity is not before this Court. Defendant's initial answer and amended answer did not assert the defense of sovereign immunity. The day after the hearing on the motions at issue in this appeal, defendant filed a second motion for judgment on the pleadings and motion to dismiss for lack of jurisdiction on the grounds that Ms. White had failed to join Sheriff Cochran's surety as required by N.C. Gen. Stat. § 58-76-5 (2009) and that the sheriff was, therefore, immune from liability. That motion has not yet been decided, and nothing in this opinion should be deemed as expressing any view on that motion or the defense of sovereign immunity.

Reversed.

Judges BRYANT and ELMORE concur.