Justice EDMUNDS
dissenting.
As the majority acknowledges, this Court has never before required that a complaint designate whether a defendant is being sued as an individual or in his or her official capacity. See, e.g., Meyer v. Walls, 347 N.C. 97, 110-11, 489 S.E.2d 880, 887-88 (1997) (allegations in complaint reviewed to determine capacity in which a defendant is sued). While I agree that the best practice is for a complaint to be specific on that point, the Court today mandates what it only suggested yesterday. See Mullis v. Sechrest, 347 N.C. 548, 554, 495 S.E.2d 721, 724-25 (1998) (advising, but not requiring, that a complaint state the capacity in which a defendant is being sued).
In light of our deferential review of complaints under notice pleading, see, e.g., Embree Constr. Grp., Inc. v. Rafcor, Inc., 330 N.C. 487, 491, 411 S.E.2d 916, 920 (1992), I believe the complaint provided adequate notice that defendant was being sued in his individual capacity. For instance, the complaint states that “[t]his is an action against a natural person.” Thus, when drafted, filed, and served, this complaint met every pleading requirement set out in the North Carolina Rules of Civil Procedure and in our cases. Although plaintiff acknowledges that his burden of proof in a libel action is high, I believe he should have the opportunity to make his case. If this Court chooses to impose an additional pleading requirement in future cases of this type, so be it. But I do not believe that plaintiff should lose his day in court because he was unable to predict what the majority would hold. I respectfully dissent.
Justice HUDSON joins in this dissenting opinion.